IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY D. GAVIN,

          **Plaintiff,**

v.

          **Case No. 3:25-CV-1288-NJR**

CHOICES COUNSELING INC., PAULA
LAWRENCE, LIBERTY HEALTH CARE
CORPORATION, RANDY PLUNK,
DON SPURLIN, BRIAN DAVIS,
PAMELA SMITH, and DULCE
QUINTERO, Secretary of the Illinois
Department of Human Services,

          **Defendants.**

## ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony Gavin, proceeding *pro se*, filed this action against Defendants Choices Counseling Inc., Paula Lawrence, Liberty Health Care Corporation, Randy Plunk, Don Spurlin, Brian Davis, Pamela Smith, and Secretary of the Illinois Department of Human Services Dulce Quintero. (Docs. 1, 12). He alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights in connection with the administration of his conditional release under Illinois' Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. 207/1–99. (Docs. 1, 12).

The case is now before the Court on Gavin's Motion to Amend and Submit Amended Complaint (Doc. 12), his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), his Motion for Recruitment of Counsel (Doc. 5), and his Motion for Emergency Restraining Order (Doc. 10).

### MOTION TO AMEND AND SUBMIT AMENDED COMPLAINT

Under Rule 15(a)(2), a court should freely give leave to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). "Although generously phrased, this rule still leaves a district judge with 'broad discretion' to deny leave to amend, such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where amendment would be futile." *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022). Because the Court finds no undue delay, bad faith, dilatory motive, repeated failure, undue prejudice to Defendants here (or futility), Gavin's Motion to Amend and Submit Amended Complaint (Doc. 12) is granted.

### APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

Normally, the fee for filing a complaint and opening a civil case is $405.00. A federal court may permit an indigent party to proceed *in forma pauperis*, that is, without prepayment of fees or costs, as long as the action is not clearly frivolous or malicious. 28 U.S.C. § 1915(a)(1), (e)(2). To demonstrate indigence, an applicant must submit an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The test for determining whether an action is clearly frivolous is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).

Here, the Court is satisfied from Gavin's affidavit that he is indigent. Gavin states that

he has no source of income, aside from a job he held for just over two months at the beginning of 2025. (Doc. 2, at 1). When he filed his application on June 25, 2025, he had two thousand dollars in his savings account. *Id.* at 2. However, he pays rent monthly in an amount just over one thousand dollars. *Id.* As Gavin is unable to pay the filing fee, and because nothing in the file indicates this action is clearly frivolous or malicious, his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted. The Court notes, however, that it shall dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) should it become apparent in the future that the action is frivolous or malicious.

### MOTION FOR RECRUITMENT OF COUNSEL

Turning to Gavin's motion for recruitment of counsel, the Court notes that civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit has instructed courts to consider two factors when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654.

When considering the difficulty of the case, the Court must determine "the particular plaintiff's capacity as a layperson to coherently present" the case to the judge and jury. *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the Court must

determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, Gavin has made a reasonable attempt to obtain counsel, contacting at least nine attorneys for assistance. (Doc. 5, at 1, 3, 9; Doc. 6). At this point in the litigation, however, the Court does not find it necessary to appoint counsel. Gavin is educated, he appears to understand the nature of this litigation, and his complaint and amended complaint were both skillfully drafted and easy to understand.

On the other hand, Gavin has made allegations which, if true, are troubling. In his complaint, he alleges that he was prevented from contacting attorneys by Defendants while he was on conditional release. (Doc. 12, at 24-25). He alleges that he was returned to detention on March 24, 2025, for a revocation hearing, and was only returned to conditional release on July 15, 2025. *Id.* at 6–7. He alleges that, upon release from detention, he would no longer have access to a law library, a computer, or the internet, and may even be prevented from contacting further attorneys. (Doc. 5, at 2; Doc. 6, at 1).

However, in Gavin's filings since his release on July 15, 2025—his Motion for Emergency Restraining Order (Doc. 10) and Motion to Amend and Submit Amended Complaint (Doc. 12)—he makes no mention of currently being prevented from performing legal research. The motions also continue to demonstrate skilled drafting and an understanding of the nature of this litigation. As a result, the Court finds Gavin capable of litigating the case, at least at this early stage. His request for counsel (Doc. 5) is therefore denied. Should this case proceed to a point where the difficulty exceeds Gavin's capabilities,

or should Gavin be deprived of the materials necessary to effectively litigate his case, the Court is amenable to considering a renewed motion for recruitment of counsel.

### MOTION FOR EMERGENCY RESTRAINING ORDER

On July 28, 2025, Gavin moved for an emergency restraining order, which is also called a temporary restraining order (TRO). (Doc. 10). Though Gavin details his grievances with the supervision of his conditional release since being released from detention in July, he does not explain what relief he seeks from this Court. *Id.*

For a TRO to be issued without notice to the adverse party,[1] the movant must satisfy the requirements of Rule 65(b)(1). FED. R. CIV. P. 65(b)(1). The movant, in addition to setting forth specific facts "clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," must certify in writing any efforts they made to give notice and reasons why such notice should not be required. *Id.*

Gavin did not set forth facts showing he would suffer immediate and irreparable injury if the Court were to hear Defendants in opposition, nor did he certify any efforts to give Defendants notice of his motion or why such notice should not be required. (Doc. 10). Moreover, Gavin did not explain what relief he seeks from this Court, rendering any such relief impossible to grant. *See id.* Therefore, Gavin's Motion for Emergency Restraining Order (Doc. 10) is denied.

---

[1] Defendants have yet to be served in this case, and Gavin has not indicated that they have notice of this motion. (*See* Doc. 10).

CONCLUSION

For these reasons, Plaintiff Anthony Gavin's Motion to Amend and Submit Amended Complaint (Doc. 12) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) are **GRANTED**. His Motion for Recruitment of Counsel (Doc. 5) and Motion for Emergency Restraining Order (Doc. 10) are **DENIED**.

The Court **DIRECTS** the Clerk of Court to provide Gavin with a USM-285 form. Gavin is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendants Choices Counseling Inc., Paula Lawrence, Liberty Health Care Corporation, Randy Plunk, Don Spurlin, Brian Davis, Pamela Smith, and Secretary of the Illinois Department of Human Services Dulce Quintero, and to deliver a service packets consisting of the summons, USM-285 form, and a copy of the Amended Complaint to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and Amended Complaint upon each Defendant in any manner consistent with Rule 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED:   October 20, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**